418.059.1 Hess v. Miller et al, and we have only for Council Pairing Mr. Hawk, is that pronounced correctly? That's correct. Okay. Mr. Hawk, you may proceed, sir. Thank you. Good afternoon, Your Honors. Please the courts. Counsel. My name is John Hawk, and I represent the Hunt-Lima Drainage and Levee District. And perhaps the notable behests actually are here in court today observing these proceedings, these arguments. The brief that I filed in this matter, I believe, is somewhat simple, and that's based on the relative lack of disputed facts. It's a two-prong argument. The first one, and perhaps less interesting, at least from my perspective, is simply that not enough evidence or insufficient evidence was presented during the motion for declaratory judgment, the actual hearing on that, in that the only actual evidence presented was a couple of exhibits, somewhat at my behest, that the plaintiffs prepared, I believe, one being an aerial photograph and the other one being a survey that was recorded. Other than that, there really was no witnesses sworn in or additional evidence presented on the motion for declaratory judgment. Now, the second prong, and I believe one Mr. Corkin wouldn't be able to overlook, is the matter of the application of the law as filed in the Cook case and its application of the facts that we have before us today. Those facts consist of, and were, I believe, completely undisputed, the Hespiths purchased a real estate in January of 2015, and a roadway in front of their home closed later that year in September. It was vacated by the local municipality, which is a township. This property is not located in a small town. It's in the country. And just down the road from the Hespiths is a bridge that spans a drainage canal that is owned by my clients, the underlying fee-simple interest of my clients in the drainage district. When that road was vacated, I believe it's undisputed that the owners on each side of that roadway will then take a fee-simple interest into the central line of that roadway. And with the bridge that spans the drainage district, I believe, then becomes my client's bridge. So the question becomes is, does the Cook case, which is the law that is relied upon by the plaintiffs, grant what the Cook case refers to as a private right of access, very similar to an easement, in the Hespiths, over that bridgeway? And my argument that I've made ad nauseum in the trial court with the motion to dismiss, as much compared to what judgment and motion to consider, was that it is not. I believe that the Second District in the Cook case could not have been more clear in their ruling. And that simply being that where the owner's rights are derived from a platting of a subdivision and where a street or portion is vacated by a municipality, the property owners abutting the vacated street are seeking access thereto, have an easement of access to the properties, which is not extinguished by the actual municipality vacating such street. In this case, there was never a platting of the subdivision in this location. That goes to the very core of the Cook case. And all the law cited by the Cook case is the platting of the subdivision. And it's not necessarily just the platting of the subdivision. That's sort of an afterthought to the individuals that purchased property pursuant to it. There was an original promise by a common grantor that each owner within that subdivision would have rights of access throughout the streets in ways and means laid out in what is usually a map with various blocks in it. That is simply not the case here. I can't tell this court exactly what the plaintiff's or even the trial court's interpretation of the Cook case was, except that it's a ruling that it did apply to this. If it simply means that a property owner has a complete easement over the entire length of the vacated street... You pointed out to Judge Drummond that the Cook dealt with a subdivision plot, did you not? Yes. He's a pretty sharp guy. He is. What happened in this case? Did he explain why your argument wasn't persuasive? Judge, I've asked myself that question many times. I can only speculate as to what that is. And I'll be the first to admit, although my client, the drainage district, was not heavily involved or involved at all in the vacation of this roadway, it has provided an inconvenience for the Hestas to pay the roadway, not a necessity issue where they can't get to where they need to be. I don't know if Judge Drummond thought that it was sort of a no harm, no foul. I can't really speculate as to his ruling. He did seem somewhat interested, if the court noticed, in policy arguments as to the burden that my clients would suffer by allowing this easement. And we never really got to that point because I don't think the law takes into consideration the burden on either party. There's either this right of access or an easement. It either exists or it doesn't, regardless of the burden to either party under the law as espoused in Cook. I beat that drum as hard as I could. I went through almost every case referenced in Cook and cases from Washington and Michigan at the turn of the century, and they all deal with the same concept in some way that I can't pursue into a platter of some division of that. There's a promise that continues, and I believe they said bid deeds or purchases of those lots to always have access. And it's simply not applicable at all to the set of acts before us. I believe that there's a – and, of course, the court can see I filed a motion for reconsideration. There were a few additional arguments made by plaintiff's counsel in that hearing, one being constitutional. I don't believe that had much of a sway on the trial for a judge. But I think the law couldn't be more concise and that it's a condition that the owner's rights be derived from the platter of some division. The Cook case laid it out, I think, very concisely, and I believe that any reading of the Cook case requires the trial court's decision to be overturned. I think it's a rather straightforward issue. I'm happy to answer any questions here today, obviously, about it. If there's anything else I can provide, I didn't want to waive the opportunity to be here to ask these questions. If we – I'm just a little – and I appreciate your candor in trying to make this short, but if we were to affirm, what does that mean as far as this bridge and its use is concerned on the road?  The drainage district is subject to many, many restrictions from the Corps of Engineers to internal policies. The bridge was initially vacated because the Department of Transportation told this township it does not have the funds, at least in their own words, to repair it to where it needed to be, $50,000 or $60,000. I think the easement was actually granted that the Hesses, or anybody that purchased, or according to the Cook case, anybody that really wants to access that property, whether it be the mailman or someone who just wants to knock on their door, could have access over the bridge. And it requires extensive matters of maintenance, oversight, because technically the bridge is sort of unique in that my clients own it. It's a little bit different than just a roadway. So there'd have to be a lot of continuing cooperation for them to simply say, okay, you can make this repair, let's not do it this way. I think the plan is simply the bridge will be removed because it's unnecessary, but ultimately the drainage district. And if we reverse the trial court's order granting landowners an easement, then what? Then I believe the road will be vacated, or continue to be vacated, without anybody having a right of access to it. And in the way that the Cook case sets forth, the bridge will be pulled, and anybody seeking the Hesses residence will have to get their right to come out. Questions? Well, I see no questions. Thank you, counsel. Court, thank you for spending your time.